UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL BRUCE,

        Plaintiff,

v.                              CASE No. 8:12-CV-2821-T-TGW

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

        Defendant.

_____

O R D E R

        The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

_____

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

I.

The plaintiff, who was twenty-nine years old at the time of the most recent administrative hearing and who has a limited education, has worked as a hand packer, warehouse worker, equipment cleaner, production machine operator, banquet server, cleaner/housekeeper, and mail sorter (Tr. 33, 388). She filed a claim for supplemental security income, alleging that she became disabled due to neck and back injuries (Tr. 237). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge, on January 27, 2010, found that the plaintiff was not disabled (Tr. 70). However, on the plaintiff's request for review, the Appeals Council vacated the law judge's decision, and remanded the claim for further proceedings (Tr. 88-89). In particular, the Appeals Council directed that, on remand, a law judge must: (1) attempt to obtain additional evidence regarding the plaintiff's impairments; (2) further consider the plaintiff's maximum residual functional capacity and provide adequate rationale and reasons for the assessed limitations; and (3) obtain testimony from a vocational expert (id.).

Upon remand, the plaintiff received a <u>de novo</u> hearing before a different law judge. The law judge found that the plaintiff had severe impairments of obesity, degenerative disc disease of the cervical spine, vertigo, and hypertension (Tr. 13). He concluded that, with these impairments, the plaintiff has the residual functional capacity (Tr. 15):

> to perform light work as defined in 20 CFR 416.967(b) except the claimant has the need to alternate between sitting and standing every 30 minutes. She also has environmental limitations that would preclude exposure to temperature extremes, gases, fumes, and other pollutants. Additionally, she is precluded from working at heights, climbing, balancing, or exposure to dangerous moving machinery, emphasizing the word dangerous so as not to preclude all moving machinery.

The law judge, based upon the testimony of a vocational expert, determined that the plaintiff "is capable of performing all past relevant work at the light exertional level, including hand packager, equipment cleaner, banquet server, cleaner housekeeper, and mail sorter" (Tr. 17). Accordingly, the law judge ruled that the plaintiff was not disabled (<u>id</u>.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met.  Lamb v.

Bowen, 847 F.2d 698, 701 (11ᵗʰ Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds.

Neither of those contentions warrants reversal.

The plaintiff first argues that the law judge failed to give

appropriate weight to the opinion of an examining physician, Dr. Arthur J.

Pasach (Doc. 24, pp. 5-8).  This assertion is without merit.

On July 27, 2011, Dr. Pasach, a specialist in physical medicine

and rehabilitation, conducted a physical examination of the plaintiff (Tr. 546-

51).  He noted that the plaintiff was "ambulatory with a normal tandem gait,"

but had "some valgus deformity bilaterally at the knees" and "2+ pitting

edema of both feet" (Tr. 547, 548).  With respect to her lumbar spine, the

plaintiff had forward flexion of 70 degrees, extension of 10 degrees, right

lateral flexion of 15 degrees, and left lateral flexion of 10 degrees (Tr. 547,

549).  The plaintiff's cervical spine range of motion was normal, except her

extension was 45 degrees (id.).  The plaintiff had normal range of motion in

the joints of the extremities and "essentially normal" deep tendon reflexes in

the upper extremities (Tr. 547). Dr. Pasach stated that "[t]he muscles of the neck, trunk, and extremities are under good voluntary control, well coordinated, and well above functional levels of strength" (id.). The diagnostic impression included lifelong morbid obesity, status post cervical spine injury, cervical spondylosis at the C4-C5 level, hypertension by history, vertigo by history with no falls, and depression (id.). He advised the plaintiff regarding weight reduction, and indicated that the plaintiff needs physician care to monitor her metabolic state and treat her hypertension (id.). Finally, Dr. Pasach stated, "I do not consider [the plaintiff] unemployable in her present state" (Tr. 548).

Dr. Pasach also completed a form entitled "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" (Tr. 552-57). In this report, Dr. Pasach opined that the plaintiff can lift and carry up to 20 pounds occasionally, sit for 40 minutes at a time and 4 hours in an 8-hour workday, and stand or walk for 3 minutes at a time or 30 minutes each in an 8-hour workday (Tr. 552-53). The plaintiff does not require a cane to ambulate (id.). Dr. Pasach indicated that the plaintiff could frequently reach (in all directions), handle, finger, feel, and push/pull with both hands;

occasionally operate foot controls with both feet, climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; and never climb ladders or scaffolds (Tr. 554-55).  The plaintiff can never tolerate unprotected heights, moving mechanical parts, and operating a motor vehicle; and she can only occasionally handle humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme cold and heat, and vibrations (Tr. 556).  Dr. Pasach further noted that the plaintiff is able to climb a few steps at a reasonable pace using a hand rail, but she cannot walk a block at a reasonable pace on a rough or uneven surface (Tr. 557).  Dr. Pasach stated that the limitations in his report lasted or will last for 12 consecutive months (id.).

The law judge considered Dr. Pasach's opinion, stating (Tr. 15):

> In a second consultative examination in July 2011, the claimant alleged that she could walk less than one block, stand for 3 minutes, and sit for 40 minutes.  A physical examination showed that the claimant was ambulatory with a normal tandem gait.  She exhibited some limitation in the lumbar spine but her range of motion in the cervical spine was normal ex[cep]t for extension.  She was diagnosed with morbid obesity, cervical spondylosis at the C4-C5 level, hypertension by history, vertigo by history with no falls, and depression (by self report) (Ex. B22F).

The law judge further explained (Tr. 16-17):

> The findings of the consultative examinations are
> also given some weight[;] however[,] the diagnoses
> that are apparently based on self report, such as
> depression, are given little weight as the claimant
> does not appear credible and her assertions should
> be met with skepticism.

A month before the plaintiff's examination by Dr. Pasach, the

plaintiff had a consultative examination by Dr. Edward L. Demmi (Tr. 536).

The law judge summarized Dr. Demmi's report as follows (Tr. 14):

> In June 2011, radiology studies from US
> Healthworks Medical Group showed mild
> degenerative changes at C4-5. A residual
> functional capacity assessment compiled in
> association with radiology studies by Dr. Demmi
> noted that the claimant could lift and carry up to 10
> pounds continuously, 20 pounds frequently, and 21
> to 50 pounds occasionally. He further noted that
> the claimant could sit/stand for 8 hours in an 8 hour
> workday without interruption and walk for 4 hours
> in an 8 hour day. It was further noted that the
> claimant could never climb ladders or scaffolds,
> occasionally climb ramps and stairs and balance,
> and frequently stoop, kneel, crouch, and crawl. It
> was further noted that the claimant could never
> tolerate exposure to unprotected heights or
> operation of a motor vehicle and occasionally
> tolerate exposure to moving mechanical parts. It
> was also noted that the claimant could be exposed
> to moderate office noise. Finally, it was noted that

> the claimant could perform various activities such
> as shopping, travel, walk a block, use public
> transportation, and prepare simple meals, etc (Ex.
> B20F). By contrast, other radiology studies of the
> claimant's cervical spine from June 2011 showed
> normal results (Ex. B21F).

The law judge stated that he gave "strong weight to the opinion of Dr. Demmi

as it is consistent with the concurrent radiology studies" (Tr. 16).

The law judge, thus, had two recent reports of consultative

examinations that differed significantly in their assessments of the plaintiff's

functional limitations. The law judge sent these two reports to plaintiff's

counsel for his comments (Tr. 383). Plaintiff's counsel responded in a letter,

contending that the law judge should accept Dr. Pasach's opinion over that

of Dr. Demmi (Tr. 385). Further, at the hearing, the plaintiff argued to the

law judge that Dr. Demmi's opinion should be discounted and controlling

weight be given to Dr. Pasach's opinion (Tr. 41-42).

The law judge was not persuaded by the plaintiff's arguments.

As indicated, the law judge gave Dr. Demmi's opinions "strong weight" and

just "some weight" to Dr. Pasach's opinion. This assessment of the evidence

was a classic type of fact-finding by a decision-maker. This court is not

authorized to substitute a different evaluation for that reached by the fact-finder. That is especially true where, as here, the standard of review is the substantial evidence test. Under that test, the law judge's evaluation of the evidence is to be upheld unless the evidence compels a contrary conclusion. Adefemi v. Ashcroft, supra.

There is certainly nothing about Dr. Pasach's opinion that would compel the law judge to accept Dr. Pasach's opinion over that of Dr. Demmi. In the first place, both reports were from one-time examining physicians, so that neither carried the weight of a report from a treating physician.

Moreover, the law judge reasonably considered that Dr. Demmi's opinion was "consistent with the concurrent radiology studies" (Tr. 16). In contrast, the law judge noted that Dr. Pasach's opinion was based to some extent on the plaintiff's self-report. Thus, as the Commissioner points out (Doc. 29, p. 6), Dr. Pasach's opinion regarding the plaintiff's ability to sit and stand (Tr. 553) is identical to the plaintiff's subjective report during the examination that she has a "standing tolerance of 3 minutes, and a sitting tolerance of 40 minutes" (Tr. 546). Accordingly, the law judge could

reasonably infer that Dr. Pasach's opinion partially relied upon the plaintiff's subjective complaints.

Importantly, the law judge found that the plaintiff was not fully credible (Tr. 16). The plaintiff raises no challenge to that credibility determination. Consequently, the law judge could reasonably give less weight to Dr. Pasach's report on the grounds that it was based to some extent on the plaintiff's self-report, and that the plaintiff was not entirely credible.

Further, Dr. Pasach completed a form in which he indicated that the plaintiff could only sit for 4 hours in an 8-hour workday and could only stand and walk for 30 minutes each in an 8-hour workday (Tr. 553). However, Dr. Pasach was asked to identify the particular medical or clinical findings that support those limitations, and the space for that information was left blank (id.). In addition, Dr. Pasach stated, "I do not consider this woman unemployable in her present state" (Tr. 548).

In sum, the plaintiff made arguments to the law judge that Dr. Pasach's opinion should be accepted over Dr. Demmi's opinion. The law judge, however, resolved that conflict in the evidence in favor of Dr. Demmi's opinion. As indicated, the law judge had a reasonable basis for

-12-

doing so. In all events, the plaintiff has failed to show that the evidence compelled the acceptance of Dr. Pasach's opinion. Under these circumstances, this court is not authorized to second-guess the law judge's resolution of conflicting evidence.

The plaintiff's second issue is related to the first. Thus, the plaintiff contends that the law judge erred by failing to consider the specialities of the medical experts (Doc. 24, p. 8). In this respect, the plaintiff argues that she "presented evidence that Dr. Pasach was certified in the field of physical medicine and rehabilitation, where, according to the Florida Department of Health, Dr. Demmi has no specialty certification" (id.).

The plaintiff made this argument to the law judge in writing (Tr. 385) and orally at the hearing (Tr. 41). The law judge apparently was not impressed by this circumstance. While the regulations provide that the Commissioner will "generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist," 20 C.F.R. 416.927(c)(5), this factor is not dispositive. Thus, in considering how much weight to give to a medical opinion, the Commissioner will also consider any factors which tend to

-13-

support or contradict the opinion.  20 C.F.R. 416.927(c)(6).  In light of the

other circumstances that have been mentioned, the fact that Dr. Pasach had

a specialty, and Dr. Demmi did not, did not compel the law judge to accept

Dr. Pasach's opinion.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is

hereby AFFIRMED.  The Clerk shall enter judgment in accordance with this

Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 21st day of

February, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-14-